In the Matter of the Application of ERNIE ADAMSON for Admission to the Bar. (From the State of Georgia.) — Application granted. Present — Kelly, P. J., Manning, Young, Kapper and Lazansky, JJ.

In the Matter of the Application of FLYNN L. ANDREW for Admission to the Bar. (From the State of Colorado.) — Application granted. Present — Kelly, P. J., Manning, Young, Kapper and Lazansky, JJ.

In the Matter of the Application of the BROOKLYN BAR ASSOCIATION to Discipline an Attorney. STEPHEN J. BAGLEY, Respondent.— Report of official referee confirmed, respondent disbarred, and his name ordered stricken from the roll of attorneys. Present — Kelly, P. J., Rich, Jaycox, Manning and Kapper, JJ.

In the Matter of the Application of JOSEPH EARLE WILLIAMS for Admission to the Bar. (From the State of Virginia.) — Application granted. Present — Kelly, P. J., Manning, Young, Kapper and Lazansky, JJ.

ALMIRA MACKENNAN, Appellant, v. THE POUGHKEEPSIE UP-TO-DATE COMPANY, INC., Respondent.— Motion to dismiss appeal denied. Present — Kelly, P. J., Rich, Jaycox, Manning and Kapper, JJ.

EDWIN J. ANHALT, Respondent, v. LEONARD L. STEIN and CARL KAUFMAN, Appellants. (Action No. 1.) — Order denying motion to change place of trial affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ., concur.

EDWIN J. ANHALT, Appellant, v. LEONARD L. STEIN and CARL KAUFMAN, Respondents. (Action No. 2.) — Order granting motion to change place of trial reversed upon the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. We think the mere fact that plaintiff is suing upon an assigned claim is not sufficient to justify the order made at Special Term, it otherwise appearing that no case was presented by defendants entitling them to a change of venue. Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ., concur.

EDWIN J. ANHALT, Appellant, v. LEONARD L. STEIN and CARL KAUFMAN, Respondents. (Action No. 3.) — Order granting motion to change place of trial reversed upon the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. We think the mere fact that plaintiff is suing upon an assigned claim is not sufficient to justify the order made at Special Term, it otherwise appearing that no case was presented by defendants entitling them to a change of venue. Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ., concur.

GAETANO BONVESUTTO, Respondent, v. YORKLYN CONSTRUCTION COMPANY, INC., Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ.

JOHN F. BRANDALL, Appellant, v. NEW YORK MARINE COMPANY, Respondent.— Judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ.

ANNA BROOKS, as Administratrix, etc., of WILLIAM BROOKS, Deceased, Respondent, v. ERIE RAILROAD COMPANY, Appellant.— Judgment and order reversed upon the law, and new trial granted, with costs to abide the event, for error in the charge of the court to the effect that an absolute duty rested upon the defendant to sound the engine bell or whistle, pursuant to section 1985 of the Penal Law.